# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SYLVIA JONES and JOHN ELLIS, on behalf of themselves and all other individuals similarly situated,<br><br>                       Plaintiffs,<br><br>Against<br><br>ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND d/b/a THE TULANE UNIVESRITY OF LOUISANA a/k/a TULANE UNIVERSITY,<br><br>                       Defendant | CIVIL ACTION NO. 2:20-cv-2505-SM-MBN<br><br>c/w 20-cv-2518-SM-MBN<br><br>APPLYING TO ALL CASES<br><br>SECTION: E(5) |

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND AUTHORIZING CLASS NOTICE

WHEREAS, an action is pending before this Court entitled *Sylvia Jones, John Ellis, et al. v. Administrators of the Tulane Educational Fund d/b/a The Tulane University of Louisiana*, Civil Action No. 2:20-cv-2505-SM-MBN c/w 20-cv-2518-SM-MBN (the "Action");

WHEREAS, Plaintiffs having made an application pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with the Tulane Educational Fund d/b/a The Tulane University of Louisiana ("Defendant" or "Tulane" and together with Plaintiffs, the "Parties"), in accordance with the settlement agreement filed with the Court ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein ("Settlement"); and

1

Having considered all matters submitted to it including the complete record of the Action and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

4. The Court also preliminarily finds that the plan for distribution of the Gross Settlement Amount, as set forth in the Settlement, is fair and equitable, subject to issues raised by any Class Members after Notice is conducted.

5. The Court appoints Sylvia Jones and John Ellis as Class Representatives and Michael A. Tompkins of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514; James Francis of Francis Mailman Soumilas, P.C., 1600 Market St., Suite 2510, Philadelphia PA 19103; Yvette Golan of The Golan Firm PLLC, 529 14th Street NW, Suite 914, Washington DC 20045; and Jason Sultzer of Sultzer & Lapari as Class Counsel and certifying the class that is aligned with the Settlement Class. The Court also appoints Andrew Lemmon, Esq. as liaison counsel.

6. In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the Claim process, in accordance with the terms of the Settlement Agreement. The Parties will

retain Epiq as an agreed-upon third-party Claims Administrator, whose reasonable fees and costs are to be paid from the Gross Settlement Amount in accordance with the Settlement Agreement. The Claim Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

7. The Court approves, as to form and content, the Election Form and Notice, attached as Exhibits to the Settlement Agreement. The Election Form and Notice are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Election Form or Notice. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

8. The Court finds that the Notice and Election Process is reasonably calculated to provide notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing established at a time set forth herein, and applicable deadlines, complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Claim Administrator shall comply with the Notice and Election Process and other deadlines as set forth in the Settlement Agreement and this Order.

9. The Settlement Claims Administrator shall implement the Notice and Election Form process, as set forth below and in the Settlement, using the forms of Notice and Election Form appended as Exhibits to the Settlement Agreement and approved by this Order, or in the substantially same form.

10. No later than thirty (30) days after entry of this Order, Defendant shall provide Class Counsel and the Settlement Claims Administrator the names of any Class Members that can be identified through Defendant's records, any available physical mailing addresses and/or e-mail address for such Class Members, plus the information outlined in the Settlement Agreement in the form of the Class List.

11. Within thirty (30) days after receipt of the Class List, or as otherwise ordered by the Court, the Settlement Claims Administrator shall (1) email a copy of the Notice to all Class Members for whom the Settlement Claims Administrator has a valid email address, then (2) shall wait seven days for emails to be unopened or returned, and then (3) mail a copy of the Notice and Election Form to all Class Members for whom the Settlement Claims Administrator does not have a valid email address or an unopened email through regular U.S. Mail to such students' last known mailing address as listed in Tulane's records (or as otherwise updated). The Parties may agree on additional emails or mailings as appropriate, including via recommendations from Epiq.

12. If a Notice is returned as undeliverable via email, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including performing a skip trace, and shall email the Notice to any other email address obtained or mail Notice to any physical address. If a Notice is returned as undeliverable via mail, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including requesting such information from Defendant, performing a skip trace, and/or remailing the Notice to any address.

The Settlement Claims Administrator shall also mail a Notice and Election Form to any Class Member who requests them after the initial emailing of Notice and before the Notice Response Deadline. The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notices and Election Forms returned as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the Qualified Settlement Fund. To assist in obtaining a more accurate email or physical address for any Class Member, Class Counsel may provide such to the Settlement Claims Administrator to be used for the purposes of mailing of Notice.

13. Additionally pursuant to the terms of the Settlement Agreement, Notice and Election Form shall be provided on a website at an available settlement URL to be agreed upon by the Parties, which shall be obtained, administered, and maintained by the Settlement Claims Administrator. Copies of the Settlement Agreement, Notice, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

14. Class Members who wish to opt-out to the proposed Settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be submitted to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service or via verification through the Settlement Website on or before the Notice Response Deadline. In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and a statement indicating his or her intention to opt-out.

18. Class Members who wish to present objections to the proposed settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by

the United States Postal Service on or before the Notice Response Deadline. The statement must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Settlement Class member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the objector's signature, in addition to the signature of the objector's attorney (if any) - an attorney's signature alone shall not be deemed sufficient to satisfy this requirement. Failure to include any of the information or documentation set forth in this paragraph shall be grounds for overruling and/or striking the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendant's Counsel by email delivery no later than three (3) days after receipt of the objection.

19. An Objector may withdraw his or her objections at any time. Any Class Member who has elected to opt-out may not submit objections to the settlement.

20. To the extent that the issue raised by the Objector has not been resolved, the Objector or either Party may seek relief from the Court including declaring that the Objector has opted out or that her/his objection has been overruled.

21. Any Class Member who does not timely submit an Opt-out Statement pursuant to the Settlement Agreement will be deemed to have accepted the settlement and the terms of the Settlement Agreement, will be bound by the Final Approval Order, and will have any Released Claims released and dismissed with prejudice.

22. Class Members are not required to take any affirmative steps to participate in this Settlement and, upon Court approval, Settlement Checks will be mailed to all Class Members by the dates set forth in the Settlement Agreement or in this Order. However, Class Members shall be given the opportunity via the Election Form to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options (i.e., mailing of checks, Venmo, or PayPal). Class Members may submit their Election Forms via First Class Mail, email, or through the website established by the Settlement Claims Administrator for this Settlement, by the Notice Response Deadline. The Notice Response Deadline for Election Forms shall be (i) thirty (30) days from the date of the initial mailing and/or e-mailing of the Notice or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances. If an envelope does not contain a postmark, it shall be deemed received on the date that the Settlement Claims Administrator stamps the envelope or Election Form as "received."

23. No later than thirty (30) days after the Notice Response Deadline, the Settlement Claims Administrator shall certify jointly to Class Counsel and Defendant's Counsel: (a) a list of

all Class Members, (b) a list of all Objectors, (c) a list of all Class Members who timely submitted an Opt-out Statement, and (d) an estimated calculation of the Settlement Proceeds to Class Members in accordance with the formulas and allocation amounts discussed below.

24.  The Court directs that a Final Approval Hearing will take place on April 30, 2025, at 10:00 a.m., at the United States District Courthouse, 500 Poydras Street, Courtroom C316, New Orleans, Louisiana 70130 to assist the Court in determining whether to grant Final Approval of the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for a Service Award for the Plaintiffs. Notice of this Fairness Hearing date shall be provided in the Notice to Class Members to give them the opportunity to be heard.

25.  All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

26.  Upon entry of this Order, all Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Releasees. Upon entry of a Final Approval Order, all Class Members will be forever barred and enjoined from taking any action in violation of this provision.

27.  This Order constitutes a judicial order within the meaning of the Family Educational Rights and Privacy Act (*see* 20 U.S.C. § 1232g; 34 C.F.R. § 99.31(a)(9)(i)), and this Order together with the Settlement Agreement constitute specific notice of Tulane's intention to comply with the terms of this Order and the Settlement Agreement (*see* 34 C.F.R. § 99.31(a)(9)(ii)).

27. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions that must precede it:

A. Defendant's Counsel shall provide the Settlement Claims Administrator with the Class List no later than 30 days from entry of this Order.

B. The Settlement Claims Administrator shall email and/or mail the Notice and Election Form within thirty (30) days after receipt of the Class List. On the same day as the initial mailing of Notices, notice shall also be provided on a website at an available settlement URL to be agreed upon by the parties.

C. Within 30 days of dissemination of the Notice by the Settlement Claims Administrator, Defendant's Counsel shall provide the Class List to Class Counsel.

D. Class Members must either postmark or submit the online Election Form, opt out, or object no later than 30 days after the mailing of Notice pursuant to Paragraph B above, but such date shall be extended an additional 15 days in accordance with the provisions set forth in the Settlement Agreement.

E. A Final Approval Hearing will take place on April 30, 2025, at 10:00 a.m.

F. Final Approval submissions in advance of the Fairness Hearing including the final approval motion and request for approval of fees, costs, expenses, and other amounts shall be filed by April 11, 2025.

**New Orleans, Louisiana, this 22nd day of November, 2024.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**